## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Jared Glaze, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Proffer Wholesale Produce, Inc.; )<br>Lacey Walker )<br>)<br>)<br>Defendants. )<br>)<br>*Service to be Accepted by Defendants' Counsel* )<br>*Per Agreement* )<br>) | Case No.<br><br><br>**Complaint and Jury Demand** |

### NATURE OF ACTION

1. Plaintiff, Jared Glaze, brings this action against Defendants, Proffer Wholesale Produce, Inc. and Lacey Walker, for discharging him and for related adverse actions in violation of the employee protection provisions of the Surface Transportation Assistance Act, 49 U.S.C. § 31105

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 49 U.S.C. § 31105.

### VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391 because the adverse actions occurred in this district, Defendant does business in this district, and Plaintiff resides and worked in this district.

6622471

## PARTIES

4. Plaintiff Jared Glaze ("Glaze") currently lives at 342 Boyce St., Farmington, MO 63640. Glaze began working for Defendant Proffer Wholesale Produce, Inc. ("Proffer") as a truck driver in or around November 2018. Glaze's manager was Defendant Lacey Walker ("Walker").

5. Proffer is a wholesale produce company located in Park Hills, MO. Proffer is a grower, shipper, re-packer, wholesaler, distributor, and logistics company with numerous programs.

6. Walker, upon information and belief, is an officer/manager of Proffer. Indeed, she was Glaze's manager.

## FACTUAL BASIS

7. Glaze worked for Proffer as a truck driver – driving semi-trucks governed by DOT regulations to deliver produce.

8. On December 27, 2018, Glaze was dispatched to deliver goods to Mt. Vernon, IL; Centralia, IL; Evansville, IN; and Crofton, KY.

9. Glaze began his route at or around 7:30 p.m. that evening. He as fully rested upon starting his route. After completing two of his five scheduled deliveries, Glaze became fatigued. At that time, Glaze determined that he was too tired to operate his truck and needed to rest. This not only was the prudent, safe, and required course of action legally.

10. It was also not an issue for the schedule of deliveries because Glaze was only 30 miles from his third drop.

11. Glaze determined he would sleep at a truck stop for roughly two hours and then return to driving. This would provide adequate rest for him and allow him to drive safely and legally and would also still permit him to timely make his deliveries.

12. Approximately ten minutes before his alarm was scheduled to wake him, Glaze was awoken by a truck stop attendant, explaining that Proffer had called looking for Glaze. Glaze then had a phone call with Proffer. He was berated on the phone for resting and told that he needed to start driving again immediately. Glaze did as he was told. As he had planned, he still timely made his deliveries.

13. After Glaze refused to operate his vehicle in violation of federal law (a protected activity), Defendants retaliated against him by giving him fewer routes.

14. As mentioned above, notwithstanding Glaze's nap – which was required by law – no deliveries were late.

15. Glaze received three warnings on January 10, 2019, the second of which directly referenced his protected activity. The "Second Warning," was purportedly for "Substandard Work." The details of the warning included the following: "December 27, 2018 was dispatched to go to Mt. Vernon, IL. Centralia, IL. Evansville, IN. and Crofton, KY. Scheduled to leave at 730pm, driver delivered 2 stops got tired, and took a 2-hour nap. This made our other deliveries late."

16. The same day, January 10, 2019, Glaze was unlawfully terminated because he received a third and Final warning.

17. The reason for the Final Warning was purportedly because Glaze had a passenger in his truck, which is against Proffer policy.

18. This, however, is pretextual. Indeed, many drivers at Proffer have routinely driven with, and upon information and belief continue to drive with, passengers in the truck.

19. Proffer, however, has never previously disciplined a driver for having a passenger in the truck.

20. Glaze was disciplined because he engaged in protected activity under 49 U.S.C. § 31105.

## ADMINISTRATIVE EXHAUSTION

21. On January 30, 2019, Glaze timely filed a complaint with the U.S. Department of Labor, Occupational Safety and Health Administration ("OSHA") pursuant to 49 U.S.C. § 31105 and applicable laws and regulations for his dismissal and adverse actions cause by Glaze refusing to operate his vehicle in violation of federal law – an activity protected by 49 U.S.C. § 31105.

22. On July 25, 2019, OSHA, at Glaze's request, terminated its investigation and dismissed Glaze's complaint against Defendants.

23. On July 31, 2019, Glaze timely filed an Appeal of OSHA's dismissal and Request for a Hearing Before an Administrative Law Judge.

24. Pursuant to 49 U.S.C. § 31105(c), Glaze now files this original action because more than 210 days have passed since Glaze filed his original complaint with OSHA, and the Secretary of Labor has not issued a final decision in this matter.[1]

## CAUSE OF ACTION UNDER 49 U.S.C. § 31105

25. Glaze adopts by reference and re-alleges each and every allegation contained in all preceding paragraphs as though set forth fully herein.

26. The legal basis for this complaint is Title 49 of the United States Code, Section 31105, subsection (a)(1)(B).

27. More specifically, Glaze was illegally discriminated against, disciplined, and discharged by Defendants because he refused to operate his vehicle because the operation would have

---

[1] Pursuant to applicable regulation, within 7 days after filing this Complaint, Glaze will file a copy of the file-stamped Complaint with ALJ.

violated a regulation, standard, or order of the United States related to commercial motor vehicle safety, health, or security.

28. Indeed, 49 CFR Section 392.3 provides, in pertinent part, that "[n]o driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle."  See also Yellow Freight Systems Incorporated v. Robert B. Reich et al., 8 F.3d 980, 984 (4th Cir. 1993).

29. Glaze engaged in protected activity under 49 U.S.C. § 31105 when he refused to operate his vehicle in violation of federal regulation.

30. Defendants had knowledge of Glaze's protected activity.

31. Defendants engaged in adverse actions and retaliation against Glaze as a result of his protected activities in violation of 49 U.S.C. § 31105.

32. The adverse actions taken by Defendants against Glaze were due in whole or in part to Glaze's protected activities.  In doing so, Defendants acted with reckless disregard for the law and with complete indifference to Glaze's rights under 49 U.S.C. § 31105.

REQUESTED REMEDIES

33. Glaze adopts by reference and re-alleges each and every allegation contained in all preceding paragraphs as though set forth fully herein.

34. Glaze hereby requests a judgement under 49 U.S.C. § 31105 for all relief appropriate under the circumstances, including, but not limited to:

    a. Backpay, with interest;

    b. Front pay;

    c.  Expungement of all adverse references in his personnel record with regard to the events complained of herein;

    d.  Compensatory damages, including compensation for any special damages;

    e.  Litigation costs, including expert witness fees and reasonable attorney's fees;

    f.  Punitive damages; and

    g.  Any and all further relief the Court deems just and equitable.

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS LLP**

By:  */s/* S. Cody Reinberg
S. Cody Reinberg, Mo. Bar #66174
9666 Olive Blvd., Suite 202A
St. Louis, MO  63132
314-391-9557 p/f
creinberg@hkm.com

Attorney for Complainant Jared Glaze

**Submitted January 10, 2020**